IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1882–83.

## Walbridge *versus* Pruden.

102     1
  21 SC ⁴473

102     1
  23 SC ⁴400

102     1
f220  ⁴ 64

1. Where the relation between landlord and tenant has ceased by the determination of the landlord's estate in the demised premises, and his surrender of possession thereof to the owner of the paramount estate, the landlord has no right to distrain, for rent in arrear, on the goods of his former tenant, remaining on the premises.

2. A constable seizing the tenants' goods by virtue of a warrant of distress issued under such circumstances is a trespasser.

3. Where, after a distress made under the above stated circumstances, the tenant was arrested, upon information by the constable (without express direction of the landlord), on the charge of secreting goods distrained on ; and the tenant afterwards sued the landlord for malicious prosecution, testimony is admissible, on behalf of the plaintiff. to show that the prosecution was with the consent, approval and participation of the landlord.

4. In an action for malicious prosecution probable cause is a mixed question of law and fact, in the sense that the jury are to determine the facts and the court to decide whether or not they constitute probable cause.

5. The instructions of the court below, in this case as to the questions of malice and probable cause, under the evidence, held to be correct.

December 6th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Erie county :* Of January Term 1883, No. 116.

6 OUTERBRIDGE—1

[Walbridge *v*. Pruden.]

Case, by Hiram Pruden, against Charles Miller and C. H. Walbridge, to recover damages for malicious prosecution and false imprisonment. Plea, not guilty. The defendant Miller died before trial, and the cause was discontinued as to him.

On the trial, before GALBRAITH, P. J., the plaintiff proved that he was arrested upon a warrant issued by an alderman, on an information on the oath of Charles Miller, charging him with secreting and removing certain household goods which had been seized by said Miller, as constable, by virtue of a warrant of distress for rent, issued by the defendant Walbridge as landlord; that on the hearing he was committed to the county jail, and after an imprisonment of four days, he was discharged on a writ of habeas corpus.

In order to prove want of probable cause and malice on the part of the defendant Walbridge, the plaintiff testified to the following facts:—

Walbridge was the assignee of a lease of a lumber yard, owned by one Sill, on which was a small house occupied by plaintiff, who became the tenant of Walbridge. The term of the leasehold, under which Walbridge held, expired, and Walbridge surrendered possession to the owner, Sill; Pruden remained in possession of the house. Subsequently Walbridge, claiming that a balance of $9 remained due to him by Pruden at the time he (Walbridge) gave up possession, issued a landlord's warrant of distress, under which Miller as his bailiff, levied on certain personal property in Pruden's house, and advertised the same for sale. Pruden's daughter notified the constable, Miller, that a portion of said property belonged to her. At the time of the constable's sale, this property claimed by the daughter was missing, and the sale of the remaining property did not bring sufficient to satisfy the distress. A search warrant was then procured, and after failure to find the missing goods, upon information by Miller, Pruden was arrested and imprisoned as above stated. At the hearing before the alderman, Walbridge was examined as a witness. He declined to state whether he was the prosecutor. At the conclusion of the hearing, he objected to the defendant's request for indulgence until next morning, in order to get bail, it being then late in the evening. (This testimony was objected to, and its admission constituted the 11th assignment of error.) Walbridge denied the above statements. The court permitted plaintiff to testify under objection, that when Miller served the landlord's warrant, he said, in the absence of Walbridge, that he was acting for Walbridge, who had issued the warrant. (12th assignment of error.).

Plaintiff's counsel presented, inter alia, the following points:

1. " That if the title and possession of the premises leased by defendant was turned over by him to Mr. Sill, and the relation

[Walbridge v. Pruden.]

of landlord and tenant between plaintiff and defendant was by the act of defendant terminated prior to the issuing of the landlord's warrant and distress for rent, then the defendant, C. H. Walbridge, was a trespasser, ab initio, and the distress being illegal, the plaintiff had a right to do what he pleased with the goods levied on.

" Answer. This point is affirmed. If the jury believe the evidence, Walbridge had no right to issue a landlord's warrant. The act was a nullity, and the persons undertaking to enforce it by taking the property of the plaintiff were mere trespassers, and the plaintiff was not bound to notice or respect it. (1st assignment of error.)

" 3. That there is no evidence whatever that C. H. Walbridge caused the arrest of the plaintiff or advised it to be done.

"Answer. The evidence shows that the information was made by the constable, Miller. There is no direct proof that he was requested so to do by the defendant, Walbridge; but there is evidence from which the jury, if they believe it, may find that the prosecution was with his consent and countenance and approbation and active participation. (2d assignment of error.)

"4. That there is not sufficient evidence of C. H. Walbridge's participation or interest in the criminal prosecution of the plaintiff by Miller to justify a finding against him. Refused. (3d assignment of error.)

" 5. That there is not sufficient evidence to show any malice on the part of the defendant against the plaintiff to warrant a verdict against him in this action. Refused. (4th assignment of error.)

" 6. That there is not sufficient evidence of want of probable cause in instituting the criminal proceedings to sustain the plaintiff's action against Walbridge, and the verdict should be for the defendant." Refused. (5th assignment of error.)

The following extracts from the general charge were specially assigned for error (6th to 9th assignments) :

. . . . " The plaintiff relies upon the fact that Mr. Walbridge was connected with this matter in the first place; in issuing this landlord's warrant, and which it is claimed was issued without authority of law, as it was. There was no authority in Walbridge to issue that landlord's warrant. If you believe the evidence, he had surrendered the possession, and he had no more right to issue a warrant against Pruden for the collection of rent than any other person, because he was out of possession. His term had determined. He had given up to Mr. Sill and quit, and therefore this warrant was a nullity. It was without force. It gave Miller no justification to go there and interfere with Pruden's goods, at all, or the goods of his wife or his daughter. It was an assumption on the part of the

[Walbridge *v*. Pruden.]

defendant to issue that warrant; but if done in ignorance of the law, on the part of Walbridge, it would not raise any presumption of malice in those proceedings, or in the subsequent proceedings.    We merely advert to the fact, in passing, that in the beginning these alleged landlord proceedings were outside of the law, and that Walbridge and Miller would be trespassers in going on the premises and seizing those goods."  . . . . " The plaintiff relies upon the ' fact, as proved, that when Mr. Walbridge was asked the question before the magistrate if he was not the prosecutor, he refused to answer.    That, if true, would be a strong circumstance in favor of the plaintiff's claim that Walbridge was the prosecutor, because it could not have criminated him in any way."

. . . . " Then you pass on to consider whether there was probable cause for this prosecution." . . . . . " Now, as I have already repeatedly said to you, if you find from the evidence that this criminal prosecution was not commenced by Walbridge —if he did commence it—for the purpose of punishing a crime, not commenced for the good of society, but for the purpose of enforcing the payment of a debt, then there would be malice. Malice follows from that.    That is sufficient, and the law then infers malice.    Convict him of malice if you believe it was for that purpose, and not for a proper purpose—that is, for the purpose of punishing a public offence.    You are to find that only from the evidence, as we instruct you in answer to the points. Was there malice ?    What do you find in the conduct of Walbridge through this case, if anything, indicating malice ?    You are not to infer it, except from the circumstance I have mentioned—where the law comes in and presumes there was malice, as I have stated.    Unless you find as I have stated, and you must find it from the evidence.    Has the plaintiff satisfied you that there was malice on the part of Walbridge ?    He is obliged to do so except as I have stated to you.

. . . . " It is claimed *and proved* that when, at the close of the proceedings at night, the magistrate concluded to bind over this defendant to jail, that Mr. Pruden—who it seems has been along resident here in Erie, and well known, according to the evidence—asked to have the indulgence of the magistrate until morning in order to get bail, but Mr. Walbridge interposed an objection."    (14th assignment of error.)

Verdict for plaintiff for $175, and judgment thereon.    The defendant took this writ of error, assigning for error the admission of the evidence above noted, the answers to the above points, the several portions of the charge above quoted, and (10) the whole charge as tending to divert the minds of the jurors from the real question of the case, and to instruct them to find for the plaintiff in case there were any facts from which they could infer malice on the part of the defendant.

*Clark Olds,* for the plaintiff in error.—The court erred in affirming the first point of the plaintiff below, as the question of trespass could not arise on the pleadings, and the court thereby led the jury to infer that it was material to the question of guilt or innocence of the defendant. Probable cause is a mixed question of fact and law, and the court erred in leaving the whole question of probable cause to the jury without any binding instructions as to the law : Dietz *v.* Longfitt, 13 P. F. S. 241 ; Travis *v.* Smith, 1 Barr 237 ; Fisher *v.* Forrester, 9 Cas. 508 ; Kirkpatrick *v.* Kirkpatrick, 3 Wr. 288. In stating to the jury that a material fact was " proved," (14th assignment) as to which the testimony was conflicting, the court invaded the province of the jury, and this alone, is error requiring reversal.

*G. A. Allen* and *E. P. Gould* (*L. Rosenzweig* with them), for the defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, December 30th 1882.

There was no lack of testimony tending to prove that the relation of landlord and tenant, previously existing between the parties to this contention, had been terminated by the act of the plaintiff in error before he issued his warrant; and hence, there was no error in affirming the first point of plaintiff below, and instructing the jury that if they believed " the evidence, Walbridge had no right to issue a landlord's warrant. The act was a nullity, and the persons undertaking to enforce it by taking the property of the plaintiff were mere trespassers and the plaintiff was not bound to notice or respect it." It cannot be doubted that a lessor who has parted with all his interest in the demised premises has no right to distrain for rent in arrear. Under the testimony before them, it was scarcely possible for the jury to do otherwise than find that the landlord and his bailiff were trespassers ab initio ; and that fact had an important bearing on the criminal prosecution.

There was no error in refusing the points covered by the second, third, fourth and fifth specifications respectively. While it clearly appeared that the information was made by the constable, and there was no positive evidence that he did so by direction of the plaintiff in error, there was testimony from which it might be fairly and legitimately inferred that the latter not only encouraged but actively promoted the prosecution. His conduct during the preliminary hearing, objecting to granting any indulgence to the accused for the purpose of enabling him to procure bail, etc., was not that of a disinterested spectator or witness. It is true, there was some conflict of testimony as to that, and other circumstances tending to show his connection with the prosecution, but the question was properly for the jury

[Walbridge *v.* Pruden.]

and the testimony relating thereto was submitted with instructions that appear to be free from substantial error. The evidence of malice and want of. probable cause was also sufficient to justify the submission of those questions to the jury.

The sixth to tenth assignments, inclusive, covering detached portions of the charge, are not sustained. Considered as a whole, the instructions as to the law applicable to such a state of facts as the evidence tended to establish, were correct. While it is exclusively the province of the jury to pass upon the testimony and ascertain the facts, it is the duty of the court to say, as matter of law, whether they do or do not amount to prob-able cause. In that sense, probable cause is considered a mixed question of law and fact; and it was so treated by the learned judge in this case. He directed the jury to inquire, in the first place, whether the plaintiff in error originated or promoted the prosecution. If they found he did not, there could be no recovery; but, if they were satisfied that he did, it then became their duty to determine whether he had probable cause for so doing. If he acted in good faith, " not merely using the process of the criminal law for the purpose of enforcing the payment of money, . . . and that the circumstances were such as to lead a judicious man to believe there had been a violation of the law, it would constitute probable cause." If they found there was probable cause, " that would be the end of the case, because there must not only be want of probable cause but malice." If there was not probable cause, they should then consider the question of malice, etc. In all its aspects, the case was as favorably presented to the jury as the plaintiff in error could reasonably ask. The principal difficulty with which he had to contend was that the preponderance of evidence was against him, and the jury found accordingly.

The evidence complained of in the eleventh and twelfth specifications was rightly admitted; and, for reasons given by the learned judge, that referred to in the thirteenth specification was properly rejected.

In that portion of the charge complained of in the fourteenth assignment, the use of the word " proved " was not strict-ly proper; but, it was evidently not intended to convey the idea that the fact therein referred to was conclusively established nor do we think it could have been so understood by the jury. In another part of the charge the same word is used—as clearly appears by the context—to convey the idea that there was direct and competent evidence of the fact; and throughout the charge, the learned judge was careful to impress upon the minds of the jury that it was exclusively their province to determine what the facts were.

Judgment affirmed.