## Leahey *v.* March, Appellant.

[Marked to be reported.]

*Malicious prosecution—Malice—Probable cause—Presumption.*

In an action for malicious prosecution it is essential that want of probable cause and malice concur. Want of probable cause will raise the presumption of malice, but this may be rebutted by evidence negativing such malice.

What facts and circumstances will amount to probable cause is a question of law; whether they exist in a particular case is a question of fact; where the facts are in controversy the subject must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause, and submit to them only the question of such facts.

.In an action for malicious prosecution, it appeared that plaintiff had been arrested at the instance of defendant for the larceny of four promissory notes. Plaintiff averred that he placed in defendant's hands four notes as collateral security for a loan on them of fifty per cent of the amount of the notes. Defendant was to pay two hundred dollars in cash, and this was paid. Defendant, however, was not able to raise the rest of the money, and plaintiff, at defendant's request, returned the two hundred dollars which he had received. Subsequently plaintiff went to defendant's office, and, claiming that the notes were his, took them from defendant's desk. Plaintiff claimed that no objection was made to his taking the notes. The court charged that, if the jury believed plaintiff's account of the transaction, he was entitled to the possession of the notes, and his taking them off the desk was not a felonious taking; that defendant had no probable cause to suppose the taking of the notes was a theft of them, or that it was other than plaintiff had a right to do under the agreement. *Held,* not to be error.

*Advice of Counsel—Presumption.*

The defendant in a malicious prosecution who undertakes to overcome the presumption of malice by showing that before commencing the prosecution he consulted counsel, must also show that he fairly and honestly stated to his counsel his whole case.

Argued April 21, 1893. Appeal, No. 415, Jan. T., 1893, by defendant, Samuel March, from judgment of C. P. Blair Co., June T., 1891, No. 61, on verdict for plaintiff, Caron Leahey. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for malicious prosecution.

At the trial before LANDIS, P. J., it appeared that, in 1891,

defendant instituted against plaintiff a prosecution for larceny. A true bill was found against plaintiff, but he was acquitted. Plaintiff testified that, in December, 1890, he held four several promissory notes. Desiring to raise money on these notes, he went to defendant, who agreed to raise him some money, and an arrangement was finally made that defendant was to raise plaintiff fifty per cent in ten days. The four notes were left with defendant as collateral security for the $200 paid. If the balance of the money was not paid to plaintiff within ten days, then the $200 was to be returned to defendant and the notes were to be returned to plaintiff. Before the ten days expired, defendant wrote plaintiff that Imler, from whom defendant had got the money, wanted his money, and requested plaintiff to return the $200. This plaintiff did by sending a check and also paying five dollars, he says, for the ten days accommodation. Plaintiff testified that the notes were then to be returned but were not so returned. About that time the notes which could not be paid, and which it was agreed should be renewed till one year had expired, had to be renewed. Plaintiff further testified that he paid the interest on the renewals; and, with the renewals in his pocket, he went to Altoona to see defendant. He complained to defendant that he had failed to keep his promise to send him the four notes. Defendant acknowledged that he got the check for the $200, returning the money, and, going to his safe, took out the four notes and laid them on the desk in the presence of plaintiff, who at once picked them up and took them away, defendant making no objection.

Defendant's evidence was to the effect that the notes were returned by mail to plaintiff, but afterwards brought back and repledged for other indebtedness, and when renewal notes were brought plaintiff picked up all the notes and took them away.

The court charged in part as follows:

" We say to you that if the account given by Leahey is a true one, if you believe what he says as to the agreement and the manner and terms upon which he regained the possession of the four notes, there was no larceny of the notes ; that he was entitled to their possession, and his taking them off the desk was not a felonious taking. [In other words, we say to you that March had no probable cause to suppose the taking of the notes was a theft of them, nor that it was other than Leahey had a right to do under the agreement.] [1]

" Now, the defence is that the plaintiff is mistaken in his statement, and the real facts are wholly different. [Samuel March is called to the stand and testifies substantially to the same facts as Leahey to the point where he notified Leahey that Imler wanted his money;] [2] that he, March, could not raise fifty per cent of the notes, and that Leahey should return the $200 and he, March, would return him the four notes. March says that Leahey sent him, in return, a check for $200, just as Leahey swears he did ; but he at once, he says, returned him by mail the four notes. . . .

After reviewing defendant's evidence, the court continued :

" [Now, we instruct you that if the weight of the evidence shows you that the facts in regard to the four notes coming into the possession of Leahey are as stated by March, and all the other testimony adduced by him, which he alleges corroborates him, and that he laid a full and fair statement of these facts before his attorneys, and they, on that statement, advised a prosecution, and he, in good faith, followed that advice, then there was probable cause for the prosecution, and if you believe his statement and that of his attorneys, then there is evidence upon which you can find that the prosecution was not malicious.] [3] In that case, the plaintiff would not be entitled to recover anything ; and your verdict would be for the defendant."

Defendant's points were among others as follows :

" 2. There is no evidence in this case from which the jury can find that the defendant did not, in perfect good faith and upon the advice of counsel, learned in the law, institute the criminal proceedings against Leahey ; and the verdict should be for the defendant. *Answer :* The vice of this point consists in the defendant's counsel assuming that the statement of facts by March furnishes the only facts in the case. They are wholly different from the facts testified to by Leahey ; and the jury must first ascertain which statement is true. What were really the facts ? March's statement to his counsel must be full, fair and at least substantially true, and not fictitious ; and if it was fully and fairly communicated to his counsel, then he may claim to be protected. As the facts, however, are in dispute, they must be submitted to the jury ; and the point is therefore denied." [4]

" 3. The uncontradicted evidence in the case, showing that before the criminal proceedings were instituted by March against Leahey, that March submitted fully and fairly to Messrs. Alexander and Dively, two reputable members of this bar, the facts in the case, as he understood them, with the evidence in corroboration of the same, as testified to by himself and his witnesses during this trial; and, after investigation by counsel, without any suggestions from March, they advised this prosecution, and that, on their advice, he instituted the same, this, following the advice of his counsel, would amount to probable cause for the institution of criminal proceedings by March against the plaintiff, Leahey; and the verdict should be for the defendant. *Answer:* As this point wholly ignores the testimony of the plaintiff and there are, therefore, disputed facts, the point is denied." [5]

Verdict and judgment for plaintiff for $460. Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*A. A. Stevens*, of *Stevens & Owens*, for appellant, cited: Dietz v. Langfitt, 63 Pa. 241; R. R. v. Reed, 5 Cent. R. 862; s. c. 6 Atl. R. 838; Cross v. Tyrone Mining Co., 121 Pa. 387; Mahaffey v. Byers, 151 Pa. 97; Smith v. Ege, 52 Pa. 420; Fisher v. Forrester, 33 Pa. 508; McCarthy v. De Armit, 99 Pa. 67; Cooper v. Hart, 147 Pa. 597; Madison v. R. R., 147 Pa. 511; Seibert v. Price, 5 W. & S. 438; Emerson v. Cochran, 111 Pa. 619; Gilliford v. Windel, 108 Pa. 145; Walter v. Sample, 25 Pa. 275; McClafferty v. Philp, 151 Pa. 91; Battles v. Laudenslager, 84 Pa. 452; Ryder v. Wombwell, L. R. 4 Exch. 39; Bernar v. Dunlap, 94 Pa. 331.

*H. M. Baldridge*, *E. H. Flick* with him, for appellee, cited: McCarthy v. De Armit, 99 Pa. 67; Dietz v. Langfitt, 63 Pa. 241; Fisher v. Forrester, 33 Pa. 508; Schofield v. Ferrers, 47 Pa. 194; Prough v. Entriken, 11 Pa. 81; Schmidt v. Weidman, 63 Pa. 173; Saunders v. Landes, 6 Montg. Co. 77; Walter v. Sample, 25 Pa. 275; Mahaffey v. Byers, 151 Pa. 97.

OPINION BY MR. JUSTICE THOMPSON, May 22, 1893:

In an action for malicious prosecution it is essential that

want of probable cause and malice concur. Want of probable cause will raise the presumption of malice, but this may be rebutted by evidence negativing such malice. It is well settled, as was said by Mr. Justice TRUNKEY in McCarthy v. De Armit, 99 Pa. 67, that what facts and circumstances will amount to probable cause is a question of law; whether they exist in a particular case is a question of fact; where the facts are in controversy the subject must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause and submit to them only the question of such facts: Dietz v. Langfitt, 63 Pa. 241. Following this well and clearly defined principle, the learned judge in this case instructed the jury that to entitle plaintiff to recover he must show that the prosecution was instituted without cause and with malice, and after defining malice he says: " We say to you that if the account given by Leahey (appellee) is a true one, if you believe what he says as to the agreement and the manner and terms upon which he regained the possession of the four notes, there was no larceny of the notes; that he was entitled to their possession, and his taking them off the desk was not a felonious taking. In other words, we say to you that March had no probable cause to suppose the taking of the notes was a theft of them, nor that it was other than Leahey had a right to do under the agreement." The last sentence is made the first assignment of error, and it is contended that it amounted to a binding instruction to find for plaintiff.

The malicious prosecution for which this action was brought arose from a transaction in reference to four promissory notes drawn by the Altoona Fuel & Ice Co., to the order of John Flannigan, and in regard to the appellee's account of the transaction the learned judge said: " The theory of the plaintiff's complaint is that on the agreement the four notes were placed in March's (appellant's) hands as collateral security for a loan on them of fifty per cent of the amount of the notes, or for the return of the $200, and that as March could not raise the sum of fifty per cent of the notes, he was therefore entitled to the return of the $200; and as Leahey, at March's request, actually returned the $200 by his check, he, Leahey, was entitled to have again the four notes. He contends that his picking them

off the desk, where March had laid them for him, was not an offence at all; that it was only carrying out the terms of the agreement; that, as he had paid back the $200, the notes were redeemed from the pledge; and, in short, they were his notes again and his own property. If this narration of Leahey is correct, then the notes were Leahey's again and he had a right to take them." It is manifest that if appellee owned the notes and had a right to take them there was no probable cause for his arrest for stealing them, and when the learned trial judge used the words in question, in connection with that which preceded, he simply indicated to the jury, that if those facts were true appellant had no probable cause to suppose the appellee in taking them was guilty of a theft. It is claimed that he intended them as a binding instruction. Clearly they were not so, and it is equally clear that the jury could not have so understood them.

The appellant undertook to overcome the presumption of malice by showing that, before commencing the prosecution, he consulted counsel. To do this it was necessary for him to show that he had fairly and honestly stated his whole case to them: Mahaffey v. Byers, 151 Pa. 97; McCarthy v. De Armit, supra. If however it was shown that in fact he submitted a false statement to them, such presumption would not be rebutted: Emerson v. Cochran, 111 Pa. 623. The learned judge in regard to this part of the defence charged as follows, viz.: " Now we instruct you that if the weight of the evidence shows you that the facts in regard to the four notes coming into the possession of Leahey are as stated by March, and all the other testimony adduced by him, which he alleges corroborates him, and that he laid a full and fair statement of these facts before his attorneys; and they, on that statement, advised a prosecution; and he, in good faith, followed that advice, then there was probable cause for the prosecution, and if you believe his statement, and that of his attorneys, then there is evidence upon which you can find that the prosecution was not malicious. In that case, the plaintiff would not be entitled to recover anything; and your verdict would be for the defendant."

It is contended that the court erred in using the words " then there is evidence upon which you can find that the prosecution was not malicious," but should have instructed them to find

for the defendant, if the weight of the evidence was as stated. If this portion of the sentence be taken with the succeeding one, it is apparent that he did substantially so instruct them. He says in the sentence immediately following: "In that case, the plaintiff would not be entitled to recover anything; and your verdict would be for the defendant." Upon an examination of the bill of exceptions filed, it appears that the word "and" before "in that case" was written by the stenographer, and in correcting his charge was erased by the learned trial judge, whose scholarly instinct doubtless impelled him to do so for the sake of accuracy of style. It is more than probable that in fact it was actually used, and in this connection the question was fairly left to the jury to determine whether appellant did make a full and fair statement of the facts to his counsel and whether he in good faith followed their advice. In view of the disputed fact these were questions for the jury, and, having been submitted to them, they have determined that he did not do so. The facts in this case were submitted to the jury with proper instructions, and this judgment is affirmed.