## Bryant *v.* Kuntz, Appellant.

*Malicious prosecution—Malice—Probable cause—Province of court and jury.*

Prosecutions are presumed to have been properly instituted and hence in order to sustain an action for malicious prosecution, malice and want of probable cause must both concur and be proved by the plaintiff. What facts and circumstances amount to probable cause is a question of law. Whether they exist in any particular case is a question of fact. Where the facts are in controversy, the question must be submitted to the jury, in which event it is the duty of the court to instruct them as to what facts will constitute probable cause and to submit to them only the question of such facts.

If all the evidence is insufficient to establish probable cause the court shall so instruct the jury, for they are not at liberty to find a fact without evidence; and, if the admitted facts amount to probable cause, the court should direct a verdict for the defendant even if his malice were clearly proved.

The inquiry as to the probable cause goes back to the commencement of the prosecution and relates to the facts then known, and as they then appeared. It is not confined to the truth of matters that lead to the prosecution, but extends to their appearance as indicating the guilt or innocence of the accused. While mere floating rumors are not an adequate foundation for it, representations of others may be, and especially representations made by those who have had opportunities for knowledge, or who have made an investigation.

In an action for malicious prosecution it appeared that defendant acting as agent for the Society for the Prevention of Cruelty to Animals, was notified by an alderman that the plaintiff had been guilty of cruelty to animals

and was given the source of information with the request that he investigate it. The investigation was made promptly, and acting on the evidence thus secured defendant made an information against the plaintiff to whom he was a stranger. There was nothing in the case to indicate that the proceeding was improperly instituted, or recklessly proceeded in. *Held*, that the court should have held as a matter of law that there was probable cause for the action.

Argued April 29, 1902. Appeal, No. 145, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1901, No. 424, on verdict for plaintiff in case of James B. Bryant v. P. L. Kuntz and the Allegheny County Association for the Prevention of Cruelty to Children, Aged Persons and Animals. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass for malicious prosecution. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $125. Defendant appealed.

*Errors assigned* were instructions quoted in the opinion of the Superior Court.

*L. K. Porter*, with him *S. G. Porter* and *William E. Best*, for appellant.

*R. P. Marshall*, for appellee.

OPINION BY ORLADY, J., December 15, 1902:

The plaintiff recovered a verdict in this action for damages for an alleged malicious prosecution, and the appeal is brought by P. L. Kuntz, the record having been amended by discontinuing as to the other defendant. P. L. Kuntz was the salaried agent of his codefendant society, and, as such, made an information against the plaintiff, charging him with cruelty to animals, but, after several continuances before the magistrate, the case was abandoned and the plaintiff discharged. On the trial of this action the defendant submitted as a point: "5. Defendant having shown probable cause for the making of the information, plaintiff cannot recover," which was answered by the court: "This is a question for the jury. If

the defendant has shown probable cause for having made the information, then the point is affirmed; but it is for you to determine whether he has or not." The seventh point is as follows: " Under all the evidence the verdict must be for the defendant," which was answered, " Refused; because it is a question for the jury, as I have suggested whether there was want of probable cause; second, if there was want of probable cause whether there is that in the testimony which justifies the jury in finding that the information was not made in good faith; that is, that it was made in reckless disregard of the rights of others, in a loose, reckless way that no prudent man would have acted." In the charge the trial judge said to the jury, " Our Supreme Court have said that malice may be inferred and it is for the jury to say, it may or may not be inferred from want of probable cause. If you find there was want of probable cause, you have the power, under the testimony, and the right, if you believe it, to infer malice; " and again, "to repeat, gentlemen, if the plaintiff recovers here, you must have to find there was want of probable cause and, in addition that there was malice." These two elements must combine before you can find a verdict for the plaintiff. If you find from the weight of the evidence that these two elements are made out in his favor, then you come, as I have suggested, to the element of damages. The question of what is probable cause, and whether it exists in the proof, if believed, is a question of law for the court; whether the proof establishes it, is for the jury."

The court gave no instruction as to whether there was probable cause or not, but left that question, as well as the question of the proof of the fact, to the jury. Without the assistance which the law imposes upon the court the whole case was thus thrown upon the jury.

Prosecutions are presumed to have been properly instituted and hence in order to sustain an action for malicious prosecution, malice and want of probable cause must both concur and be proved by the plaintiff. What facts and circumstances amount to probable cause is a question of law. Whether they exist in any particular case is a question of fact. Where the facts are in controversy, the question must be submitted to the jury, in which event it is the duty of the court to instruct them

as to what facts will constitute probable cause and to submit to them only the question of such facts. This principle is well settled. If all the evidence is insufficient to establish probable cause the court shall so instruct the jury, for they are not at liberty to find a fact without evidence; and, if the admitted facts amount to probable cause, the court should direct a verdict for the defendant even if his malice were clearly proved: McCarty v. DeArmitt, 99 Pa. 63. The test of the defendant's liability to suit for malicious prosecution must be his notice, his belief; and, as the law presumes in favor of a man's honesty of purpose, where the legality of the act depends upon the state of his mind, the burden of proving the contrary is upon the plaintiff, and the effect of that proof is for the jury: Mead v. Conroe, 113 Pa. 220; Winlack v. Geist, 107 Pa. 297. In Beihoffer v. Loeffert, 159 Pa. 374, it is said: "If there is no dispute in relation to the facts it is for the court to determine whether they constitute probable cause; if the evidence as to the facts is conflicting it is for the jury to find them under proper instructions from the court."

It was undisputed in this case that Kuntz, acting as agent for the society for the prevention of cruelty to animals, was notified by an alderman of the city of Allegheny that the plaintiff had been guilty of cruelty to animals, and was given the source of information with the request that he investigate it. The investigation was made promptly, and, acting on the evidence thus secured, Kountz made an information against this plaintiff, to whom he was a stranger and against whom it could not be urged that he had any personal ill will at the time. There was nothing in the case to indicate that the proceeding was improperly instituted or recklessly proceeded in, and the court below should have held as a matter of law that there was probable cause for the action of Kuntz instead of submitting that question to the jury.

Probable cause has been variously defined as such a suspicion as would induce a reasonable man to commence a prosecution, or, as in our own cases, a deceptive appearance of guilt arising from facts and circumstances misapprehended or misunderstood so far as to produce belief. The substance of all these definitions is a reasonable ground for belief of guilt. It can make no difference what induces the belief if it be reasonably sufficient.

While mere floating rumors are not an adequate foundation for it, representations of others may be, and especially representations made by those who have had opportunities for knowledge or who have made an investigation: Cooper v. Hart, 147 Pa. 594.

The inquiry as to the probable cause goes back to the commencement of the prosecution and it relates to the facts then known and as they then appeared. It is not confined to the truth of matters that lead to the prosecution, but extends to their appearance as indicating the guilt or innocence of the accused. If probable cause is shown, it matters not whether the motive of the prosecutor be praiseworthy or malicious; and the undisputed evidence in this case made it the duty of the court below to affirm the defendant's seventh point and to direct a verdict for the defendant.

The judgment is reversed.