## Burford, Appellant, *v.* Richards (No. 1).

*Malicious prosecution—Arrest by police officer—Acts of February 27, 1865, P. L. 225, April 11, 1866, P. L. 99, and April 14, 1905, P. L. 169—Evidence—Punitive damages.*

1. A police officer appointed under the Act of February 27, 1865, P. L. 225, and its supplement of April 11, 1866, P. L. 99, has authority by law to arrest upon view and without a warrant for a violation of the Posting Act of April 14, 1905, P. L. 169.

2. The rule of law is that where an arrest is made without warrant by an officer of the law, it is not false imprisonment if the officer arresting had reasonable ground to believe that a felony had been committed, or if in the presence of. the officer, a misdemeanor had been committed by the person taken in custody.

3. In an action for false imprisonment against a police officer commissioned to protect a coke works, the court may say as a matter of law that there was no false imprisonment where it is undisputed that the defendant had on previous occasions arrested the plaintiff for trespassing upon the coke property after it had been posted; that on such occasions defendant had taken plaintiff before a justice of the peace who had found him guilty and had sentenced him; that counsel had advised defendant that plaintiff was guilty of a misdemeanor, and that this advice had been concurred in by the county court although it was subsequently ruled not to be the law by the appellate court.

4. In such a case the trial court commits no error in refusing to allow the record of the conviction of the police officer of assault and battery on the plaintiff, to be put in evidence, where no damages are laid by reason of any personal injury to the plaintiff in the manner of the arrest; nor in such a case is there any ground for punitive damages.

Argued April 20, 1914.    Appeal, No. 129, April T., 1914, by plaintiff, from judgment of C. P. Fayette Co., March T., 1911, No. 437, on verdict for plaintiff in case of Isaac H. Burford v. John M. Richards et al., surviving heirs and trustees under will of W. J. Rainey, deceased, doing business as W. J. Rainey.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Trespass for malicious prosecution and false imprisonment.

8, (1914).]    Statement of Facts—Charge of Court below.

At the trial it appeared that plaintiff was commissioned as a police officer to protect a coke works. Plaintiff was a dealer in groceries and living in Uniontown. The defendant arrested the plaintiff for trespassing upon the coke works after they had been posted. ˙ See Com. v. Burford, 38 Pa. Superior Ct. 201.   Other facts appear by the opinion of the Superior Court.

Mr. Dumbauld: Plaintiff offered in evidence the record of the court of quarter sessions of Fayette county, Pa., at No. 73, September Sessions, 1910, that being the record of the prosecution for assault and battery of the defendant, Richards, arising out of the incident testified to.

Mr. Higbee: Objected to by the defendants for the reason that the record does not show a conviction, and generally as incompetent, irrelevant and immaterial to any issue raised by the pleadings.

Mr. Dumbauld: What I offer is the record as set out in Sessions Docket 38, on page 345.

The Court: What is the purpose?

Mr. Dumbauld: For the purpose of showing a conviction of the defendant on the charge of assault and battery for the matters growing out of the incident of March 22, 1909.   There is no claim on the part of the plaintiff for recovery of any damages for battery; in and of itself the record is offered for the purpose of proving the fact of assault and battery alleged as one of the acts committed by the defendant in interfering with the business of the plaintiff.

The Court: There being no claim in this case for the battery, the objection is sustained.   Exception to plaintiff. [8]

The court charged in part as follows:

[In the statement of claim filed by the plaintiff damages are sought to be recovered upon several different grounds.   The plaintiff claims to recover for injury to his business.   He claims to recover on account of what

he alleges to be malicious prosecutions. And he claims to recover on the ground of what he alleges to be false arrests. As the case stands at this time we instruct you that you would not be warranted under the law in giving damages on account of any malicious prosecutions or on account of any false arrests.] [1]

Plaintiff presented these points:

4. Plaintiff's testimony, if believed, is sufficient to justify a finding by the jury that Richards in the performance of the duties of his employment, acted willfully, maliciously and wantonly and without regard to consequences toward the plaintiff. *Answer:* Refused. [3]

5. If the jury find from the testimony that Richards acted willfully, maliciously and wantonly or without proper regard to the consequences of his acts toward Burford, the jury may allow punitive damages against the defendants, Roy A. Rainey, Paul J. Rainey, and Grace Rainey Rogers. *Answer:* Refused as not applicable to the questions now submitted to the jury. [4]

Defendant presented these points:

5. That malice is necessary to support an action for malicious prosecution, and the evidence in this case is insufficient to show any actual malice on the part of any of the defendants toward the man Burford, or such want of probable cause for the institution of the various prosecutions referred to in the evidence as warrants the jury in finding malice therefrom. *Answer:* Affirmed. [5]

6. That the various acts alleged to constitute false arrest, referred to in the declaration and evidence, are to be determined by the principles applicable to a suit for damage for malicious prosecution. *Answer:* Affirmed. [6]

9. The court of quarter sessions of Fayette county having decided, in the case of Commonwealth v. Lapempti, that no person had a right to enter on the premises in question without the consent of the owners, and the said decision never having been reversed or appealed from, the defendants acting thereunder and by the authority thereof, cannot be said to have acted without

probable cause in any act or acts done by them for the purpose of preventing the entry of Burford, the plaintiff, upon the land in question. *Answer:* Affirmed. [7]

Verdict and judgment for plaintiff for $449.57. Plaintiff appealed.

*Errors assigned* were (1–7) above instructions, quoting them, and (8) ruling on evidence, quoting the bill of exceptions.

*H. S. Dumbauld,* for appellant.—The burden is on the defendant to show both that the arrest and imprisonment was by authority of law, and that it was upon probable cause: McCarthy v. DeArmit, 99 Pa. 63; McAleer v. Good, 216 Pa. 473; Urban v. Tyszka, 16 Pa. Dist. Rep. 625; Grohmann v. Kirschman, 168 Pa. 189; Kossouf v. Knarr, 206 Pa. 146.

Plaintiff's contention is that the court should have submitted to the jury the counts alleging false arrest, with instructions that it was for the jury to determine whether or not merely compensatory or punitive damages should be allowed: McClung v. Dearborne, 134 Pa. 396; Kigby v. Penna. R. R. Co., 209 Pa. 452; Nagle v. Mullison, 34 Pa. 48; Lake Shore & Michigan Southern Ry. Co. v. Rosenzweig, 113 Pa. 519; Philadelphia Traction Co. v. Orbann, 119 Pa. 37; Artherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141; Adams v. Beaver Valley Traction Co., 41 Pa. Superior Ct. 403; Nathenson v. Crossland, 54 Pa. Superior Ct. 610.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* and *J. G. Carroll,* for appellee.—There was no false imprisonment: McCarthy v. DeArmit, 99 Pa. 63; Ritter v. Ewing, 174 Pa. 341; Roessing v. Pittsburg Ry. Co., 226 Pa. 526; Perry v. P. R. R. Co., 41 Pa. Superior Ct. 591; Kirkpatrick v. Kirkpatrick, 39 Pa. 288; Com. v. Lapempti, 16 Pa. Dist. Rep. 403.

OPINION BY TREXLER, J., July 15, 1914:

The first, sixth and seventh assignments of error attack the ruling of the court in which it is held that there can be no recovery in the case for malicious prosecution or false arrest.

The correctness of this position as to malicious prosecution cannot be questioned, nor was it pressed on the argument. As to false arrest or imprisonment, in the language of his brief the plaintiff claims that, "the court charging false imprisonment should have been submitted to the jury with appropriate instructions as to damages."

In McCarthy v. De Armit, 99 Pa. 63 (71), it is stated, "The gist of false imprisonment is unlawful detention, and the general rule is that malice will be inferred from the want of probable cause, so far at least as to sustain the action. Constables and other police officers, who arrest persons suspected of having committed felony, in actions for damages, should be allowed to defend upon like principles as a private person, who causes arrest by a complaint on oath; for it is the duty of these officers to make such arrests."

The act of a police officer in making an arrest without a warrant is within his power. He is authorized by law to arrest upon view. In the present case the officer has the same rights as were possessed at the time of the passage of the act, February 27, 1865, P. L. 225, by the police of the city of Philadelphia. If he arrests upon view for the commission of a misdemeanor and promptly takes the person arrested before a court competent to dispose of the matter, the case presents the same features as where he lodges information and secures a warrant. If the state of facts presented to his "view" would authorize him to proceed by complaint the arrest may precede the complaint and the test of the legality of his act will be the same.

The rule of law is that where an arrest is made without warrant by an officer of the law, it is not false im-

prisonment if the officer arresting had reasonable ground to believe that a felony had been committed or if in the presence of the officer, a misdemeanor had been committed by the person taken in custody: 12 A. & E. Enc. of Law, p. 740.

The officer must show reasonable proof that the person was committing wrong.

In arresting without a warrant the following items must appear: (1) An honest belief of the accuser; (2) such belief must be based on an honest conviction of the existence of the circumstances which led to the conclusion; (3) such secondly mentioned belief must be based upon reasonable grounds: 19 Cyc. 351.

The learned trial judge came to the conclusion that under the admitted facts there was no false imprisonment. It was his duty to decide the matter. What constitutes probable cause is a question of law, when the facts are not in dispute: McCarthy v. De Armit, 99 Pa. 63 (71); Roessing v. Pittsburg Rys. Co., 226 Pa. 526; McCoy v. Kalbach, 242 Pa. 123.

In view of the fact that the police officer had charge of the protection of the coke property and had the right to arrest on view, that he had repeatedly arrested the plaintiff and taken him before a justice of the peace, who had upon several occasions found him guilty and had sentenced him; that counsel had advised him that the plaintiff was guilty of a misdemeanor in coming upon the land of the defendants after it had been posted under the Act of April 14, 1905, P. L. 169, and that this view was in accordance to an opinion of the county court who had passed upon a similar case and that it required the decision of an appellate court to settle the law, Com. to use v. Shapiro, 41 Pa. Super. Ct. 96, we think the trial court was justified in finding that there was no ground for the recovery of damages for false imprisonment.

The next question to be decided is whether the lower court was right in refusing to allow the record of the

conviction of the police officer of assault and battery on complaint of the plaintiff in this case to be put in evidence. We think he was right in so doing. The arrest of the plaintiff by the police officer was not a disputed fact in the case. The mode of the arrest "upon view" was undoubtedly lawful. The manner in which it was made, whether with an excess of force or not could not be inquired into as no damages were laid by reason of any personal injury to the plaintiff, or as stated by the lower court there was no claim for battery.

The next inquiry is as to punitive damages. We do not think the case was one for the allowance of punitive damages. It was a dispute between the parties as to their legal rights. The right seemed to be with the owner of the coke property. This had been so decided several times by a court of competent jurisdiction. That finally the right was found against the defendants should not furnish occasion for punishing them for the maintenance of a right which was during the progress of the contention apparently less in doubt than the plaintiff's. Although the plaintiff was finally victorious the defendants should not be punished by an infliction of punitive damages for believing that the decisions in their favor were correct. Under this state of facts we think the court was right in refusing to submit the question of punitive damages to the jury.

All the assignments of error by the plaintiff are dismissed. As we have reached the conclusion in an appeal taken by the defendants that the court committed error on the trial, we make no order in this case relative to the judgment.

The appeal of the plaintiff is dismissed at his costs.