## Trautman, Appellant, *v.* Willock.

*Malicious prosecution—Want of probable cause—Evidence of—Sufficiency.*

In an action of trespass for malicious prosecution, judgment was properly entered in favor of defendant, where the undisputed evidence of the latter proved that the prosecution was made on the testimony of reliable witnesses after careful investigation, and on the advice of counsel.

Probable cause may be defined as a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense. The essential element is such a reasonable ground of belief as would cause an ordinarily prudent man to act. Where there is no dispute in relation to the facts, or doubt as to the inferences to be drawn therefrom, it is for the court to determine whether they constitute probable cause, but where the evidence is contradictory, or the facts admit of contrary inferences, the jury must say, under proper instructions, whether there was probable cause.

Such evidence is not proof of the guilt of the person accused of crime, but evidence of the circumstances and events leading up to the prosecutor's reasonable belief in such guilt. If they are admitted, or established by uncontradicted evidence, and are of such character as to furnish reasonable ground for belief on the part of the prosecutor in the guilt of the person accused, the court should hold as matter of law that they constitute probable cause, and give binding instructions for the defendant.

Argued April 29, 1926.   Appeal No. 178, April T., 1926, by plaintiff, from judgment of C. P. Allegheny County, January T., 1923, No. 545, in the case of Phillip Trautman v. H. H. Willock.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Trespass for malicious prosecution. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000. Subsequently the court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*C. James Tannehill,* and with him *Rody P. &
Meredith R. Marshall,* for appellant.—The case was for
the jury as to want of probable cause: Humphreys v.
Meal, 23 Pa. Superior Ct. 415; Bryant v. Kuntz, 25
Pa. Superior Ct. 102; Burford v. Richards, 58 Pa.
Superior Ct. 8; Taylor v. American International Ship-
building Corp., 275 Pa. 229; Edwards v. Stull, 82 Pa.
Superior Ct. 456; Herr v. Lollar, 268 Pa. 109; Mahaffey
v. Byers, 151 Pa. 92; Bosley v. Gerrity, 55 Pa. Superior
Ct. 429; Kenner v. Jefferies, 54 Pa. Superior Ct. 554;
Grohmann v. Kirschman, 168 Pa. 302.

*J. Smith Christy,* of *Weil, Christy & Weil,* for ap-
pellee.—It was the duty of the court to find as a matter
of law whether under the facts, there was probable
cause: Roessing v. Pittsburgh Railways Co., 226 Pa.
523; Taylor v. Shipbuilding Corp., 275 Pa. 229; McCoy
v. Kalbach, 242 Pa. 123; Huckestein v. N. Y. L. Ins.
Co., 205 Pa. 27.

OPINION BY KELLER, J., July 8, 1926:
Plaintiff obtained a verdict in an action of trespass
for malicious prosecution. He appeals from the entry
of judgment for the defendant non obstante veredicto.

Plaintiff was a truck driver for the Waverly Oil
Works. It was his duty to receive iron barrels or
drums of gasoline and oil at the company's warehouse
in Pittsburgh, pursuant to written orders, and deliver
them to customers of his company or to railroad sta-
tions to be shipped as freight; and collect and return
empty drums. He had no authority to sell merchandise
from the truck, collect moneys, or make any deliveries
except on written orders from the company.

Defendant was secretary and treasurer of the
Waverly Oil Works. Under the circumstances herein-
after related, he made complaint before an alderman

in the City of Pittsburgh charging plaintiff with larceny by bailee of certain gasoline and oil and their drums or containers. Plaintiff was arrested and held for court. On the trial he was acquitted, and this action followed.

On the trial of the present action the plaintiff offered in evidence the information on oath of the defendant and the record in the prosecution for larceny by bailee. He testified that defendant had called him into the company's office and said, "Trautman, we know you have been getting gas and oil out of here and selling it. I want you to tell me how you got that gas and oil out of here. I've got two officers out there and if you don't tell me how you got it out I will push you as far as the law allows me." To which plaintiff answered, "Push ahead"; and his arrest followed. After detailing the circumstances of his arrest and imprisonment, he rested. This made out a prima facie case, and was sufficient to take the case to the jury, unless the evidence produced by the defense was of such a character as to require the court to determine that it constituted probable cause for the prosecution. Probable cause has been defined to be, "A reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense": McClafferty v. Philp, 151 Pa. 86. "The essential element is such a reasonable ground of belief as would cause an ordinarily prudent man to act. Where there is no dispute in relation to the facts or doubt as to the inferences to be drawn therefrom it is for the court to determine whether they constitute probable cause, but where the evidence is contradictory or the facts admit of contrary inferences the jury must say under proper instructions whether there was probable cause": Delany v. Lindsay, 46 Pa. Superior Ct. 26, 28. The evidence thus referred to is not evidence of the guilt of the

person accused of crime, but evidence of the circumstances and events leading up to the prosecutor's reasonable belief in such guilt. If they are admitted, or established by uncontradicted evidence, and are of such character as to furnish reasonable ground for belief on the part of the prosecutor in the guilt of the person accused, the court should hold as matter of law that they constitute probable cause and give binding instructions for the defendant: Bryant v. Kuntz, 25 Pa. Superior Ct. 102; McCoy v. Kalbach, 242 Pa. 123; Roessing v. Pittsburgh Rys. Co., 226 Pa. 523; Taylor v. American Shipbuilding Corp., 275 Pa. 229; Wolf v. Stern, 71 Pa. Superior Ct. 191.

The following is a brief summary of the circumstances leading up to this plaintiff's arrest: A man named Zubic was operating a gasoline-driven passenger ferry at Sixteenth Street in the City of Pittsburgh, which was largely used by the public while a county bridge near that point was being reconstructed. He was not a customer of the Waverly Oil Works, had never bought any gasoline or oil from that company, and no orders to deliver any of such merchandise to him had ever been given this plaintiff. About three or four weeks prior to Trautman's arrest, a man named Seibert applied for work to the president of the Waverly Company, Mr. Weir. He told Weir that he had recently worked for Zubic and that the latter was getting drums of Waverly gasoline and oil irregularly from Trautman. Weir conveyed this information to the defendant, Willock, who consulted the company's attorneys and was advised by them to employ an investigator to look into it. He did so, employing a man named Harris, who had formerly been a captain of police and now conducts a detective agency. Harris spent about two weeks on the investigation. During that time, he reported, Trautman had made no calls on or deliveries to Zubic; but he had found three men, one an employee of Zubic (Lowry), another a former em-

ployee, recently discharged, (Hibler), and a third, the inspector of ferries employed by the County Commissioners (Boli), all of whom had, shortly before, seen Trautman deliver drums of gasoline and oil from the Waverly truck to Zubic, and the latter pay him money therefor. This was reported to the attorneys for the company, who said these witnesses referred to by Harris must be seen and examined before any action could be taken in the matter. Accordingly Harris brought these three persons, in addition to Seibert, to the attorneys' office, where they related their stories in the presence and hearing of the defendant, Willock, and as to two of them, their statements were reduced to writing and signed by them. All three of them substantiated in detail the reports of their stories as given by Harris. Seibert, it was discovered, had no personal knowledge of any deliveries by Trautman to Zubic, but only hearsay information. But the rest had seen Trautman make deliveries of drums from the Waverly truck sometimes once a week, sometimes oftener; and had seen money pass from Zubic to Trautman; two had seen Zubic sell the empty Waverly drums to a barrel dealer; had heard Trautman warn Zubic against letting these drums lie around uncovered and tell him to cover them up. Captain Boli, the inspector of ferries, known to the defendant and the attorneys as a responsible and reliable man, said he had frequently seen Trautman delivering drums of gasoline from the Waverly truck to Zubic, and had heard the former say that before Zubic got any more gasoline, he, Trautman, wanted some money; that it was done frequently and openly and had continued practically all summer, until the last four or five weeks. On the strength of these statements, the company's attorneys advised a prosecution against Trautman, and complaint was prepared against him and sworn to by Willock, which was filed after Trautman refused to tell how he was getting this oil and gas from the company. Willock's testimony

was corroborated by the attorney for the company, who had advised the prosecution, and by Harris, Lowry, Hibler and Boli, who as witnesses in this case testified that they had made the statements attributed to them by Willock and his attorney, and reasserted their truth. No evidence was offered in contradiction or impeachment of this testimony. Trautman denied that he had told Zubic to cover up any barrels or he would get into trouble; but there was no denial or contradiction that the information above recited had been given by the witnesses to Willock before he entered complaint against Trautman. It was clearly established that these statements had been made to Willock and his counsel and formed the basis for the prosecution against Trautman, and we agree with the court below that they amounted to probable cause for such action.

It is not necessary, in order that the court may rule as matter of law that probable cause for the prosecution existed, that such evidence should appear from the plaintiff's own case, as in Boyd v. Kerr, 216 Pa. 259; Mitchell v. Logan, 172 Pa. 349; Bernar v. Dunlap, 94 Pa. 329; Gilliford v. Windel, 108 Pa. 142; Cole v. Reece, 47 Pa. Superior Ct. 212, and Stratton v. Jordan, 77 Pa. Superior Ct. 596; it may result from the evidence produced by the defendant, if "undisputed" (Bryant v. Kuntz, supra; Roessing v. Pittsburgh Rys. Co., supra); or "uncontradicted" (Wolf v. Stern, supra; Kuhns v. Ward-Mackey Co., 55 Pa. Superior Ct. 164); or "so clearly established as not to be open to dispute" (Gow v. Adams Express Co., 61 Pa. Superior Ct. 115; Robitzek v. Daum, 220 Pa. 61; McCoy v. Kalbach, supra); or if the admitted facts on both sides amount to probable cause (Taylor v. American Inter. Shipbuilding Corp., supra; Burford v. Richards, 58 Pa. Superior Ct. 8). See also Scott v. Dewey, 23 Pa. Superior Ct. 396; Emerson v. Cochran, 111 Pa. 619, 623; Cooper v. Hart, 147 Pa. 594.

Where the facts relied on to establish probable cause are controverted or in dispute, as in Laughlin v. Clawson, 27 Pa. 328; Schofield v. Ferrers, 47 Pa. 194; Leahey v. March, 155 Pa. 458; and Herscovitz v. Linder, 75 Pa. Superior Ct. 7, the question of fact must be submitted to the jury for their determination, subject to instructions from the court as to whether the facts, if believed, constitute probable cause. The excerpt from the opinion in Herscovitz v. Linder, supra, relied upon by the appellant, was not intended as a general statement of the law applicable to all cases, requiring the case to go to the jury whenever the plaintiff's own evidence did not disclose probable cause, but as appropriate to that particular case, where the facts bearing on the question of probable cause were in dispute; for we said later in the same opinion: ''As there was a dispute as to the facts it was for the jury to determine whether they were as alleged by the defendant: Brobst v. Ruff, 100 Pa. 91. The learned trial judge told the jury.........that if they found the facts to be as alleged by the defendant, there was probable cause for the prosecution and the verdict must be in his favor. This was as far as he could go in view of the dispute on the facts.'' In that case, as in Delany v. Lindsay, supra; Leahey v. March, supra; Walbridge v. Pruden, 102 Pa. 1; Beihofer v. Loeffert, 159 Pa. 374; and Jackson v. Hillerson, 59 Pa. Superior Ct. 508, the guilt or innocence of the party prosecuted depended largely on the transactions between him and the prosecutor out of which the alleged crimes arose; and as the facts upon which the prosecutor relied to show probable cause presented his own version of those occurrences and were denied or controverted by the plaintiff in the action for malicious prosecution, it was for the jury to determine whether the facts were as alleged by the prosecutor. In the cases cited above where the appellate courts sustained binding instruc-

tions for the defendant, or the entry of judgment non obstante veredicto in his favor, on the undisputed evidence of the defendant, the guilt or innocence of the party prosecuted did not depend on transactions between the prosecutor and the accused, and the circumstances presented in the civil action as constituting probable cause and justifying the prosecution were not founded on the personal knowledge of the prosecutor but had been communicated to him by others in such manner as to justify a reasonably prudent man in so acting. That is the situation here. We can see no practical difference in the essential facts between this case and Roessing v. Pittsburgh Rys. Co., supra, where the Supreme Court reversed the court below and entered judgment for the defendant on the undisputed evidence of the defendant establishing probable cause. That case is cited with approval in the latest case of Taylor v. American Inter. Shipbuilding Corp., supra, where the same course was adopted. We agree with the court below that they govern this case.

The judgment is affirmed.