## Franz v. Foster.

*Actions — Malicious prosecution — Probable cause — Advice of counsel—Trial—Charge of court.*

1. If all the admitted facts and the reasonable inferences therefrom amount to probable cause, the court must so declare and direct a verdict for the defendant, even if malice is clearly proven.

2. It is not necessary, in order that the court may rule as a matter of law that probable cause for the prosecution existed, that such evidence should appear from the plaintiff's own case. It may result in evidence produced by the defendant.

3. If a defendant in an action for malicious prosecution in good faith sought, obtained and honestly followed the advice of competent counsel on a full and fair statement of all facts within his knowledge or which he had reasonable cause to believe he was able to prove, the advice so received and acted upon will constitute a defense.

Rule for judgment *n. o. v.* C. P. Erie Co., Nov. T., 1925, No. 68.

*S. Y. Rossiter* and *T. P. Dunn*, for plaintiff.

*Franklin B. Hosbach*, for defendant.

HIRT, J., Aug. 30, 1927.—Plaintiff, in 1925, on an information made by defendant, was charged with breaking and entering and larceny. At the trial on the indictment, a verdict of not guilty was directed. This action was then brought charging malicious prosecution.

At the trial here, plaintiff, in support of his cause of action, made out a *prima facie* case only by the offer of the information, indictment and verdict of acquittal. This offer was not supplemented by evidence of want of probable cause.

Foster was the owner of a quantity of tools stored in an outhouse in the rear of the premises occupied by him. Though defendant and his wife had occupied the building for upwards of twenty-one years, a part of the land on which this shed was built was claimed to be the property of plaintiff's mother. There was a dispute as to the title to the land. On Sept. 25, 1924, defendant's wife saw plaintiff and one Peterson break into the shed and take away a number of defendant's tools. She was corroborated by the witnesses Bennett, Steadman and Drayer. Two of these witnesses testified that they saw Franz coming out of the building carrying away some of the tools. Some of these tools were later seen in the possession of Franz in a nearby garage. Defendant's wife and the other witnesses told defendant what they had seen, and he

Franz v. Foster.

consulted an attorney and fairly related the facts as they were communicated to him. Acting on the advice of this counsel, the prosecution was instituted. Defendant was also referred to an attorney in Erie, who advised the prosecution. Defendant's testimony was not denied or contradicted, and on the whole record, therefore, we have proof of probable cause, with the further fact that defendant acted upon the advice of competent and reputable counsel.

The *prima facie* case made out by plaintiff was sufficient to take the case to the jury, unless the evidence produced by the defense was of such a character as to require the court to determine that it constituted probable cause for the prosecution. The essential element is such a reasonable ground of belief as would cause an ordinary prudent man to act. Where there is no dispute in relation to the facts or doubt as to the inferences to be drawn therefrom, it is for the court to determine whether they constitute probable cause. Defendant's evidence rebutting the *prima facie* case made out by plaintiff is not evidence of the guilt of the person accused of crime, but evidence of the circumstances and events leading up to the prosecutor's reasonable belief in such guilt. If they are admitted or established by uncontradicted evidence, and are of such character as to furnish reasonable ground for belief on the part of the prosecutor in the guilt of the person accused, the court should hold as a matter of law that they constitute probable cause and give binding instructions for the defendant. It is not necessary, in order that the court may rule as a matter of law that probable cause for the prosecution existed, that such evidence should appear from the plaintiff's own case; it may result from the evidence produced by the defendant if undisputed or uncontradicted, or so clearly established as not to be open to dispute, or if the admitted facts on both sides amount to probable cause: Trautman v. Willock, 88 Pa. Superior Ct. 404. The general rule undoubtedly is that probable cause does not depend on the state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting; the test is the prosecutor's belief of the existence of probable cause at the time, based upon reasonable grounds. And, therefore, if the defendant in an action for malicious prosecution in good faith sought, obtained and honestly followed the advice of competent counsel on a full and fair statement of all facts within his knowledge, or which he had reasonable cause to believe he was able to prove, the advice so received and acted upon will constitute a defense to the action. A prosecutor may show that he acted upon information received from reputable private citizens, and such information may constitute probable cause for the prosecution, and it is wholly unimportant, so far as the defense is concerned, whether the advice was warranted by the facts submitted to the counsel, as the prosecutor, in this particular, is only responsible for a full and truthful statement of them: Herscovitz v. Linder, 75 Pa. Superior Ct. 8. If all the submitted facts, and the reasonable inferences therefrom, amount to probable cause, the court must so declare and direct a verdict for the defendant. The jury is not at liberty to find a fact without evidence, and if all the admitted facts on both sides amount to probable cause, the court should direct a verdict for the defendant, even if malice is clearly proven: Taylor v. Am. I. Shipbuilding Corp., 275 Pa. 229.

The above authorities control the disposition of this case. Judgment for the defendant might have been directed at the time of the trial, and on these authorities judgment must now be entered *n. o. v.*

And now, to wit, Aug. 30, 1927, the rule granted Jan. 21, 1927, on defendant's motion for judgment is made absolute and judgment is directed to be entered for the defendant *n. o. v.*          From Otto Herbst, Erie, Pa.