# Coyle v. Snellenburg, Appellant.

*Malicious. prosecution—Grounds for arrest—Justification—Probable cause.*

An arrest for a crime or misdemeanor can only be justified when such a state of facts was known at the time the prosecution was undertaken, as would induce a person of ordinary caution and prudence to entertain an honest belief and strong suspicion of guilt. There must be such an appearance of guilt arising from facts and circumstances as to produce belief. This appearance may arise from facts misapprehended or misunderstood, but it must be of such a character as moves the mind of a person of ordinary prudence to entertain the belief of guilt.

A prosecutor should have information with such directness and certainty as to gain credit with prudent men of the existence and susceptibility of proof of such facts as show guilt, or which on proper advice he supposed would constitute guilt.

The representations of a third party as to matters not tending to establish the guilt of the accused, do not amount, without further investigation or inquiry, to probable cause.

A boy thirteen years old was employed to assist the driver in a department store in delivering packages on which money was to be collected. At the end of a particular day the driver claimed "something like $53.60" from the boy, who accounted for "$43.00 and something" and said that

was all he got. The driver reported the alleged shortage to his employers. The driver was not able to state within one hundred pieces the number delivered during the day. An agent of the owners of the store swore out a warrant, and the boy was arrested towards night, taken to the store where he was detained for an hour and three-quarters, and there examined, and was only released when his mother appeared and insisted on his discharge. No effort was made to take him before a magistrate for a hearing. *Held,* that the case was for the jury, and that a verdict and judgment for $150 should be sustained.

Argued Oct. 10, 1905. Appeal, No. 238, Oct. T. 1904, by defendants, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 3,656, on verdict for plaintiff in case of John J. Coyle, by his father and next friend, John J. Coyle, and John J. Coyle v. Nathan Snellenburg et al., trading as N. Snellenburg & Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $150. Defendant appealed.

*Errors assigned* among others were (3) in refusing binding instructions for defendant; (4) that the verdict was excessive.

*Robert W. Archbald, Jr.,* with him *Simpson & Brown,* for appellants.—The admitted facts showed that Schell, the defendant's detective, had probable cause for swearing out a warrant, and a verdict should have been directed for defendants: Mahaffey v. Byers, 151 Pa. 92; Scott v. Dewey, 23 Pa. Superior Ct. 396; Huckestein v. Ins. Co., 205 Pa. 27; Smith v. Ege, 52 Pa. 419; Cooper v. Hart, 147 Pa. 594; Bernar v. Dunlap, 94 Pa. 329; Bryant v. Kuntz, 25 Pa. Superior Ct. 102.

Plaintiff's contention was that it was the duty of the detective to take the boy without unreasonable delay before a magistrate, which was not done, and that meanwhile a confinement in the defendant's store rather than in a jail or the juvenile house of detention was illegal. Whether or not the delay was unreasonable is a question of law for the court: Kirk v. Garrett, 84 Md. 383 (35 Atl. Repr. 1089); Diers v.

Mallon, 46 Neb. 121 (64 N. W. Repr. 722); Hopner v. Mc-
Gowan, 54 N. Y. Superior Ct. 98; Mulberry v. Fuellhart, 203
Pa. 573.

*William T. Connor*, with him *John R. K. Scott*, for appellee.
—It is submitted that defendants cannot set up the defense
that they acted on representations of a third party. Lee, who
gave the information, was their servant and they are liable for
his acts. He was in full charge of the wagon and had full
authority to protect his employer's property. If someone at-
tempted to steal it he had authority to have them arrested.
Such acts were in the line of his duty, and if he acted improp-
erly or unlawfully his employers were liable : Cotton v. Huide-
koper, 2 P. & W. 149; Burk v. Howley, 179 Pa. 539.

There was no error in the trial court leaving to the jury the
question whether the detention of the plaintiff was illegal and
unlawful and if there was the error complained of was all in
the defendants' favor: Twilley v. Perkins, 77 Md. 252 (26
Atl. Repr. 286).

OPINION BY HENDERSON, J., March 12, 1906 :

The plaintiff was employed to assist John Lee, the driver
of one of the defendants' delivery wagons, in the delivery of
goods. Some of the parcels, and perhaps all of them, were
sold to be paid for on delivery. The driver had charge of
the wagon and was responsible for the delivery of the goods.
There were 300 or 400 packages to be delivered and the plain-
tiff and another boy assisted the driver in distributing them.
Two deliveries were made during the day and the whole day
was consumed in completing the work. Parcels were given to
the plaintiff by the driver, to be delivered to the purchasers
and with each parcel a memorandum, called a voucher, show-
ing the amount to be collected, to be torn off and kept. No
record was kept of the packages delivered to the plaintiff, the
driver depending on his memory with reference thereto. Set-
tlement was not made between the boys and the driver until
night. The driver claimed "something like $53.60" from the
plaintiff, who accounted for "$43.00 and something" and said
that that was all he got. A less amount was first produced
and the driver told him to put his hand in his pocket and see

if· he could get any more.   He got some more money from another pocket, making up the amount which he accounted for. The driver thereupon reported the alleged shortage to Mr. Slook, who had charge of the deliveries for the defendants. Slook conferred with Schell, a detective in the service of the defendants.   The information which he gave Schell was that the plaintiff was a helper and that his driver reported him $10.00 short.   Lee, the driver, testified that he reported to Slook that the plaintiff was "some money short," and that Slook said he would send the boy out and see what he could find.   Schell talked with Lee who told him he had given the packages to the boy and that he did not return the money; thereupon Schell made a complaint charging the plaintiff with having embezzled $10.20 collected by him for the defendants, and obtained a warrant on which he arrested the plaintiff about six o'clock in the evening.   After the arrest he took the plaintiff to the defendants' store where he was detained, as claimed by the plaintiff, for about two hours and interrogated in regard to the delivery of the goods and his collections.   The plaintiff's mother, having heard of the arrest, went to the office of the defendants where the boy was and protested against his detention and declared the boy did not have any money belonging to the defendants and that she would be responsible for his return to them to investigate the subject of the alleged loss.   An effort was afterwards made by the plaintiff and defendants to trace the packages, but the evidence does not disclose the final result.

The appellants complain that the court erred in not giving binding instructions for the defendants, in submitting the question of probable cause to the jury and in the instruction to the jury as to the plaintiff's right to recover for the illegal detention.   The prosecution was commenced by the agent of the defendants and they are responsible for the legal propriety of his act.   That could only be justified when such a state of facts was known at the time the prosecution was undertaken as would induce a person of ordinary caution and prudence to entertain an honest belief and strong suspicion of guilt.   There must be such an appearance of guilt arising from facts and circumstances as to produce belief.   This appearance may arise from facts misapprehended or misunderstood, but it must be

250 COYLE *v.* SNELLENBURG, Appellant.

of such a character as moves the mind of a person of ordinary prudence to entertain the belief of guilt. This much is demanded in the interest of personal security, and the cause of public justice does not require a larger privilege. There must be reasonable ground for this belief and where that exists, there is probable cause.

The case against the plaintiff was instituted on the representations of the driver, Lee; but Lee did not tell Slook that the plaintiff had embezzled money. According to Lee's showing at the time of the settlement there should have been about $53.60 returned. The plaintiff accounted for a little more than $43.00 and said: "That is all I got." Lee said he needed more money than that and told the plaintiff to keep the money until Monday morning. The attention of Slook was then called to the subject and he placed the case in the hands of the detective, who testified that Lee told him he had given the packages to the boy and he did not return the money. Nothing was said as to the number of packages received by the boy, nor the persons to whom they were to be delivered; nor was any inquiry made whether any payments had been made to the boy, which were not accounted for. Lee does not seem to have been able to state within 100 pieces the number of packages delivered that day. To use his own language: "We started out in the morning, about half past eight, with about 300 to 400 packages and we did not settle up until night; we had two deliveries." No one alleged that the boy had received money for which he had not accounted and the whole case rested on the allegation of Lee, that according to his recollection of the packages which the boy was to deliver, there was a shortage of about $10.00 in the amount turned in by him. From the point of view of the defendants, there was as much reason for suspecting Lee as the plaintiff, except for Lee's declaration that the plaintiff had not accounted for all the money which he should have received. No one, however, suspected Lee of embezzlement; nor was there any evidence on which a prosecution against him should have been undertaken. The most that Schell knew when he commenced the prosecution was that Lee said there was a shortage in the plaintiff's account. This does not come up to the necessary requirement in a prosecution charging one with a serious crime. "A prosecutor should

have information with such directness and certainty as to gain credit with prudent men of the existence and susceptibility of proof of such facts as show guilt or which, upon proper advice, he supposed would constitute guilt:" Stier v. Labar & Featherman, 16 W. N. C. 273. It does not appear that anything was developed tending to convict the plaintiff of the charge preferred against him after his arrest, but the case is to be determined on the facts as existing at the time the complaint was made. Viewing it in that light, the court would not have been warranted in instructing the jury that there was probable cause for the defendants' action. No investigation was made to ascertain whether Lee was mistaken or not; nor was the advice of counsel taken as to the advisability of a prosecution. The defendants have no cause to complain that the court submitted the question of probable cause to the jury. The plaintiff denied that he had failed to account for all the money he received, and Lee and Slook had knowledge of this fact before the case was given to the detective. The latter took it for granted that Lee was not mistaken and was telling the truth and without further investigation proceeded with the case. On the evidence the court might have said to the jury, that a man exercising ordinary prudence and caution would not have made an important criminal charge on the uncorroborated testimony of an interested party, who did not communicate any fact from which an inference of guilt would arise. The appellants contend that it appears from the testimony of the plaintiff, himself, that probable cause existed. The part of the evidence referred to is the statement of the plaintiff on cross-examination, that Lee claimed that the witness should be charged with $53.60 and that he had handed in a smaller sum; and this is, indeed, the substance of what was claimed by the defense as the probable cause leading to the prosecution; but this, as we have seen, was not a charge of embezzlement and was a condition that would have arisen as well in case of a mistake by Lee or the plaintiff in the delivery of the goods. The representations of third parties have been held in some instances to justify a prosecution, as in Smith v. Ege, 52 Pa. 419, where repeated investigations were made and the facts submitted to counsel on whose advice the prosecution was instituted; and in Bernar v. Dunlap, 94 Pa. 329, where the

prosecution was commenced on the information, by a reputable witness, to the prosecutor and the magistrate who issued the warrant, that he saw the stolen property in the possession of the person accused. In Bryant v. Kuntz, 25 Pa. Superior Ct. 102, the prosecutor was notified by an alderman of the city that the plaintiff had been guilty of cruelty to animals; and the source of his information was given at the same time, with the request that an investigation be made. The prosecutor, who was acting as agent for the society for the prevention of cruelty to animals, made an investigation and as a result of that investigation made the complaint. These cases do not go far enough to sustain the proposition that the representations of a third party as to matters not tending to establish the guilt of the accused, amount, without further investigation or inquiry, to probable cause.

The court was not in error in permitting the jury to take into consideration the detention of the plaintiff. The arrest was made after dark. The detective took his prisoner, who was about thirteen years old, to the private office of the defendants, where he was detained, according to his testimony, an hour and three quarters. While there, he was examined with reference to the charge against him. He was without the presence of his friends or the advice of counsel and no effort was made to take him before the magistrate for a hearing. It is said that a hearing was not practicable that evening because of the absence of the magistrate from his office. This fact would not justify the officer holding the warrant in taking the boy to the defendants' store and subjecting him to an inquisitorial process. It was apparently known by the officer that a hearing could not be had that night and the reasonable explanation of his action in taking the boy to the store is that he hoped to obtain from him some incriminating admissions. When we consider that this officer was an employee of the defendants and that the boy was taken to the defendants' store and there examined for a considerable time about the money and that he was only released when his mother appeared and insisted on his discharge, we think the court was not in error in charging as set forth in the first assignment. We get light on the motive of the proceeding in the testimony of Schell: " Q. When you were commanded by the magistrate to bring

the boy before him, why didn't you take him there? A. The magistrate does not want anything to do with these things. Q. Why didn't you take him there? A. That is for the firm to decide upon. If they felt disposed to let the boy go, that is their lookout. "

We do not consider the verdict excessive in view of the facts found by the jury.

The judgment is affirmed.