## Delany, Appellant, v. Lindsay.

*Malicious prosecution—Want of probable cause—Acquittal—Evidence —Burden of proof.*

1. An acquittal or lawful discharge of the defendant in a criminal case is prima facie evidence of want of probable cause in an action of malicious prosecution, and such evidence is sufficient to carry the case to the jury.

2. The burden of showing probable cause is not placed on the defendant where the plaintiff was acquitted or discharged in the criminal proceeding, if it appears in the testimony of the plaintiff that there was probable cause.

3. In an action for malicious prosecution, the case is for the jury, where it appears that the plaintiff was acquitted of a charge of larceny brought against him by the defendant, and the evidence for the plaintiff although in some respects contradicted tends to show that the controversy arose over some straw in which both parties claimed an interest, and which was in the rightful possession of the plaintiff, that the defendant had refused to take the advice of an attorney who told him that the case was not a criminal one, and that the defendant had said that he would have the plaintiff arrested anyhow, and that he would make him "smoke."

4. Though a person is arrested on a legal warrant, if one of the objects of the prosecution is to enforce the settlement of a civil claim, such arrest is false imprisonment.

Argued Nov. 23, 1910. Appeal, No. 94, Oct. T., 1910, by plaintiff, from judgment of C. P. Bucks Co., Oct. T., 1908, No. 2, for defendant non obstante veredicto in case

of Harry M. Delany v. A. W. Lindsay. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass for malicious prosecution. Before STOUT, P. J. The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $100. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*John L. Dubois,* for appellant.—The case was solely for the determination of the jury: Auer v. Mauser, 6 Pa. Superior Ct. 618; Miller v. Hammer, 141 Pa. 196.

Where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden that it was not so, on the defendant: Prough v. Entriken, 11 Pa. 81; Schofield v. Ferrers, 47 Pa. 194; Schmidt v. Weidman, 63 Pa. 173; Fillman v. Ryon, 168 Pa. 484; MacDonald v. Schroeder, 214 Pa. 411.

*Wm. C. Ryan,* for appellee.—A plaintiff, in order to establish a right to recover, must show both want of probable cause and malice: McClafferty v. Philp, 151 Pa. 86; Huckstein v. N. Y. Life Ins. Co., 205 Pa. 27; Ruffner v. Hooks, 2 Pa. Superior Ct. 278.

OPINION BY HENDERSON, J., March 3, 1911:

The defendant instituted a criminal prosecution against the plaintiff for larceny charging him with having stolen a quantity of straw. At the trial in the quarter sessions the presiding judge instructed the jury that they should acquit the defendant and a verdict of not guilty was accordingly rendered. This action was brought to recover

damages for malicious prosecution because of the plaintiff's arrest in the criminal proceeding. It is a familiar principle that an acquittal or lawful discharge of the defendant in a criminal case is prima facie evidence of want of probable cause in an action for malicious prosecution and that such evidence is sufficient to carry the case to the jury. When one is charged with a crime of which he is not guilty the burden is cast on the person who is charged with malicious prosecution of showing that he had probable cause for making the charge and in the absence of probable cause the inference of malice arises: Miller v. Hammer, 141 Pa. 196; Beihofer v. Loeffert, 159 Pa. 374; Auer v. Mauser, 6 Pa. Superior Ct. 618. What constitutes probable cause has been variously defined. A concise but comprehensive definition is found in McClafferty v. Philp, 151 Pa. 86, and Ritter v. Ewing, 174 Pa. 341, where it is stated to be: "A reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense." Other definitions though differently expressed are of the same import. The essential element is such a reasonable ground of belief as would cause an ordinarily prudent man to act. Where there is no dispute in relation to the facts or doubt as to the inferences to be drawn therefrom it is for the court to determine whether they constitute probable cause, but where the evidence is contradictory or the facts admit of contrary inferences the jury must say under proper instructions whether there was probable cause. "When the facts are controverted and in some cases where the actual belief of the prosecutor enters into the consideration of the question, a court can do no more than define what constitutes probable cause, and submit to the jury to find whether the constituents of it have been proved, or rather whether it has been shown that those facts were wanting which the law declares to be essential to justify a prosecution:" Schofield v. Ferrers, 47 Pa. 194. The learned trial judge instructed the jury on the subject and submitted the question of the existence

of probable cause but on the rule for judgment for the defendant non obstante veredicto he reached the conclusion that the question was one for the court applying the principle in Ruffner v. Hooks, 2 Pa. Superior Ct. 278, which recognizes the rule that the burden of showing probable cause is not placed on the defendant where the plaintiff was acquitted or discharged in the criminal proceeding if it appears in the testimony of the plaintiff that there was probable cause. We are brought then to a consideration of the plaintiff's evidence and the other testimony in the case to ascertain the soundness of the conclusion reached by the court below. The plaintiff had been a tenant of one Adams under a written lease by the terms of which the lessee agreed to pay an annual rent of $250 and all taxes assessed against the land "except fire tax." The lease contained a provision that "No straw, cornfodder or manure are to be sold or removed from the premises by the said lessee nor allow the same to be removed by anyone." The term ended April 1, 1898. In the preceding fall the tenant sowed a crop of wheat and sometime before the end of the term moved from the premises on an arrangement between him and the owner. Before the end of the year Adams sold to one Oster and the latter having gone into possession of the premises sold to the defendant before the crop of wheat ripened. The plaintiff cut some of the wheat and was about to haul away one load of it from the field to his home when the defendant appeared on the scene and a dispute arose between them. According to the plaintiff's testimony the defendant claimed the wheat and stated that he bought it with the farm. The defendant however testified that he claimed the straw only. This was before all the grain was cut. When the plaintiff proceeded to take away the first load the defendant threatened to arrest him and the plaintiff testified that in the same connection the defendant said he would make him "smoke" for it. Evidence was also offered in support of the plaintiff's case to the effect that shortly before the prosecution was commenced the defendant had a

conversation with Samuel Z. Freed in which he stated that
he was informed that the plaintiff intended to take away
the straw with the grain from the farm and that if he did
so he would have him arrested to which Mr. Freed replied
that he thought it was not a criminal case; that his remedy
would be in a civil proceeding; in response to this the de-
fendant said that the plaintiff was not worth anything;
that if he would bring an action of replevin he would not
recover and that he would have him arrested anyhow,
irrespective of Mr. Freed's judgment in the matter. The
plaintiff also testified that after the arrest he went two or
three times to see the defendant to settle the matter with
him and that the defendant asked as a condition of settle-
ment that the plaintiff return the straw into the defend-
ant's mow, that he pay the court costs, the lawyers' fees in
the criminal case and $100 to the defendant, to which de-
mand the plaintiff refused to accede. The plaintiff's evi-
dence was contradicted on some of the material points, the
defendant denying that he said he would make the plain-
tiff "smoke" or that he had a conversation with Mr. Freed
as proved by the plaintiff. It will thus be seen that the
controversy was about a crop of wheat, a large part of
which was still standing in the field, all of which was in
the actual and lawful possession of the plaintiff at the time.
He paid a cash rent, he sowed the crop and was entitled
to harvest it. The wheat and straw were not separated
at the time of the altercation between the parties and
whatever may have been the right of the defendant with
reference to the straw after it was threshed it is clear that
he did not have an absolute title thereto until the grain
was separated from the straw. At the very time when the
warrant was issued the plaintiff was in the possession of
the property. It never had been in the possession of the
defendant. To constitute larceny there must be a tres-
pass in the original taking. Where the possession has
been acquired bona fide there is no fraudulent taking and
could be no common-law larceny. Taking with a felonious
intent must appear from the facts of the case to support

such a charge: 4 Bl. Comm. 229; 2 East Pl. Cr. 553; 2 Leach, 1089; 2 Russ. on Crimes (9th Am. ed.), 146; 1 Whar. Crim. Law (10th ed.), sec. 883; 25 Cyc. 45. The plaintiff having rightful possession and the defendant having neither possession nor exclusive right of possession at the time the charge was preferred the case lacked the essential elements of larceny. Moreover, the whole transaction negatives the charge of larceny. The wheat was hauled away in daylight in the presence of the defendant and Oster, who then occupied the farm, on a claim by the plaintiff that it belonged to him and this conduct is inconsistent with the idea that he was taking the grain with such an intention as actuates a thief. But if it were otherwise and the circumstances of the taking might have induced a man of ordinary prudence to honestly believe that the person was stealing his property another element in the case required that the jury pass on the question of the bona fides of the prosecutor. The testimony introduced by the plaintiff showing the intention of the defendant to bring a criminal charge against him, if credited, impeaches the sincerity of the defendant in making the complaint for larceny as do also the threat of an intention to make the defendant "smoke" and the demand for $100 and the costs and attorneys' fees of the case together with a return of the straw as a basis for settling the case. The court could not with propriety declare that there was probable cause in the light of this testimony. The motive of the prosecutor was involved as well as the credibility of the witnesses. The law will not suffer a man to use unlawful means to effect even a just object without exposing him to all the consequences arising from his improper act, nor countenance the employment of criminal process for the enforcement of civil liabilities. Though a person is arrested on a legal warrant if one of the objects of the prosecution is to enforce the settlement of a civil claim such arrest is false imprisonment: Baker v. Morton, 79 U. S. 150; Hackett v. King, 88 Mass. 58; Prough v. Entriken, 11 Pa. 81; Schofield v. Ferrers, 47 Pa. 194. The

learned trial judge in disposing of the case omitted to take into consideration the testimony bearing on the motive of the prosecutor and that testimony made the question of probable cause a mixed question of law and fact on which it was the province of the jury to pass after proper instructions as to what amounted to probable cause. Entertaining this view of the case we think the court erred in entering judgment for the defendant.

Objection is made to the judgment on the ground that the formalities required by the act of April 22, 1905, P. L. 286, as preliminary thereto were not observed but as the case is reversed for another reason it is not necessary to consider this exception.

The judgment is reversed and the record remitted to the court below to enter judgment in accordance with this opinion.