# Cole, Appellant, *v.* Reece.

*Malicious prosecution—Probable cause—Malice—Province of court and jury.*

1. In an action for malicious prosecution it is necessary to a recovery that want of probable cause and malice be proved.   Want of probable cause having been shown, malice may be inferred, but it is indispensable that it affirmatively appear that the prosecution was instituted without probable cause.   Whether an established state of facts amounts to

probable cause is a question of law. If there be a dispute as to the facts, the question must go to the jury, but if the facts shown amount to probable cause the court should grant a nonsuit or give binding instructions to the jury as the state of the case may suggest. Where the plaintiff's own evidence discloses probable cause the presumption in his favor arising from his acquittal in the criminal proceeding or his discharge by the grand jury is not sufficient to take the case to the jury.

2. Probable cause is a reasonable ground for belief of the guilt of the accused. Where the circumstances are of such a character as to warrant a cautious man in the belief that the person accused is guilty of the offense, probable cause exists. The question does not turn on the innocence or guilt of the accused but on the prosecutor's belief of his guilt based upon reasonable grounds.

3. In an action to recover damages for malicious prosecution for forcible entry and detainer, a nonsuit is properly entered where it appears that the plaintiff entered into possession of land as to the title of which he had a pending ejectment, and as to which he had been out of possession for ten years, and that when defendant went upon the land to cut timber he was turned away by the plaintiff and his family by a show of violence and arms.

Argued March 6, 1911. Appeal, No. 12, March T., 1911, by plaintiff, from order of C. P. Columbia Co., refusing to take off nonsuit in case of Joseph Cole v. J. L. Reece. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Trespass for malicious prosecution. Before Evans, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*A. Ricketts*, for appellant.—Where a criminal prosecution has been instituted by a prosecutor for private gain, the law implies both want of probable cause and malice: Prough v. Entriken, 11 Pa. 81. And it has steadily repeated the same whenever occasion arose, ever since: Schofield v. Ferrers, 47 Pa. 194; Fillman v. Ryon, 168 Pa.

484; MacDonald v. Schroeder, 214 Pa. 411. See also Burk v. Howley, 179 Pa. 539; Reed v. Loosemore, 197 Pa. 261.

In order to warrant such prosecution, the prosecutor must be in the actual possession of the premises in question: Penna. v. Waddle, Add. 41; Penna. v. Lemmon, Add. 315; Com. v. Knarr, 135 Pa. 35; Com. v. Brown, 138 Pa. 447.

That where a party causes a false arrest he is liable for the consequences resulting from it, though others may also have been at fault with him: Abrahams v. Cooper, 81 Pa. 232.

Malice in the law is of two kinds, to wit, malitia ex malo animo, and malitia ex lucri causa. We submit that the defendant herein is shown to be guilty of both kinds: Sommer v. Wilt, 4 S. & R. 19.

*John G. Harman,* with him *Fred Ikeler* for appellees.— From plaintiff's own evidence every element of probable cause was shown to be present: Mitchell v. Logan, 172 Pa. 349; Bryant v. Kuntz, 25 Pa. Superior Ct. 102; Jones v. Matheis, 17 Pa. Superior Ct. 220.

All the alleged evidence as to malice on defendant's part relates to matters and things happening after the information was laid and the arrest made. That such evidence cannot be considered was decided in Auer v. Mauser, 6 Pa. Superior Ct. 618; Hantman v. Hedden, 31 Pa. Superior Ct. 564.

OPINION BY HENDERSON, J., July 13, 1911:

The plaintiff's action grew out of a prosecution against him for forcible entry and detainer, in which prosecution after the lapse of four or five terms of the court of quarter sessions the grand jury ignored the indictment. If the plaintiff in presenting his case at the trial had rested on the evidence showing that the defendant instituted the criminal proceeding and that the bill was thrown out by the grand jury, he would have presented a prima facie case,

but testimony was introduced showing the circumstances under which he took possession of and retained the property which was the subject of the controversy between him and the defendant, and when at the close of the plaintiff's case a motion was made for a compulsory nonsuit because the plaintiff had failed to show want of probable cause, it became the duty of the court to determine whether want of probable cause appeared in the plaintiff's evidence.

In an action of this character, it is necessary to a recovery that want of probable cause and malice be proved. Want of probable cause having been shown, malice may be inferred, but it is indispensable that it affirmatively appear that the prosecution was instituted without probable cause. Whether an established state of facts amounts to probable cause is a question of law. If there be a dispute as to the facts, the question must go to the jury, but if the facts shown amount to probable cause the court should grant a nonsuit or give binding instructions to the jury as the state of the case may suggest. Where the plaintiff's own evidence discloses probable cause the presumption in his favor arising from his acquittal in the criminal proceeding or his discharge by the grand jury is not sufficient to take the case to the jury: Mahaffey v. Byers, 151 Pa. 92; Boyd v. Kerr, 216 Pa. 259.

Probable cause is a reasonable ground for belief of the guilt of the accused. Where the circumstances are of such a character as to warrant a cautious man in the belief that the person accused is guilty of the offense, probable cause exists. The question does not turn on the innocence or guilt of the accused but on the prosecutor's belief of his guilt based upon reasonable grounds: Gilliford v. Windel, 108 Pa. 142; Robitzek v. Daum, 220 Pa. 61.

Had the defendant reasonable ground for believing that the plaintiff had committed a forcible entry and detainer? It is not disputed that the defendant and those under whom he claimed had been in undisturbed possession of the premises for a long time, and the plaintiff admitted

that he had been out of possession for ten years or more. It also appeared that he and others who claimed title with him had brought an action of ejectment which was then pending in the court of common pleas of Columbia County. The farm had been in the occupancy of a tenant who rented from the defendant, and was vacated by the tenant before the end of his term and a few days before the plaintiff took possession. The defendant had been cutting ties on the place and when he went with a team and men to remove them on Monday after the Saturday when plaintiff took possession, he found the plaintiff, his wife, his sister, two sons and a neighbor at the house. The plaintiff seized his team, turned it around and notified him that he could not remove the timber cut nor enter the premises, and declared that he intended to hold possession. His sister was standing near by with a gun in her hand, which she offered to her brother and said that she could use it if she had to. The gun was not loaded, but the defendant did not know this. The defendant was turned away from the place and was not permitted to take the timber. Other evidence bearing on the conduct of the plaintiff was developed in the examination of the plaintiff's witnesses.

The evidence we think justified the court in holding that the defendant in bringing the prosecution had reasonable ground to believe that the plaintiff was guilty of forcible entry and detainer. There may be a forcible detainer where the entry is made without violence, and notwithstanding the fact therefore that there was no breach of the peace or exhibition of violence when the plaintiff took possession of the farm, the occurrence at the time when the defendant was stopped by the plaintiff and the circumstances of the presence of a considerable number of people, the show of arms, and the expressed determination to prevent the defendant from going on to the premises gave such an appearance of a forcible detainer as might have led a reasonably cautious man to believe that the plaintiff had committed the offense of

which he was accused. Probable cause did not depend on the ability of the prosecutor to secure a conviction, but on the existence of facts reasonably inducing him to believe the truth of the complaint. If probable cause be not found to exist, the case cannot be made out even though malice may have existed. Want of probable cause and malice must concur to sustain the action.

The judgment is affirmed.