# Herscovitz v. Linder, Appellant.

*Malicious prosecution—Want of probable cause—Acquittal of criminal charge—Evidence.*

The acquittal or lawful discharge of a defendant in a criminal case, is prima facie evidence of want of probable cause, in an action for malicious prosecution, and, the plaintiff's own evidence not disclosing such probable cause, is sufficient to carry the case to a jury.

While the verdict of acquittal in a criminal case is prima facie evidence of want of probable cause from which malice could be inferred, nevertheless it is not conclusive on that point, and it is proper to allow the plaintiff to give evidence showing the defendant's actual malice.

The defense that the defendant acted under the advice of counsel is not a valid bar to recovery, when he made a false statement to his counsel of the facts which were within his personal knowledge In order to avail himself of such defense, and be protected by the advice of counsel, a defendant must state to his attorney the facts as they actually occurred. As to matters communicated to him by others, he must fairly and truthfully state what has thus been made known to him and what he thus honestly and reasonably believes to be true; but as to the facts which came within his person-

al knowledge he is bound to make a truthful statement to his counsel.

Argued April 29, 1920.  Appeal, No. 84, April T., 1920, by defendant, from judgment of C. P. Allegheny County, April T., 1919, No. 977, on verdict for plaintiff in the case of Jacob Herscovitz v. B. Linder.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Trespass to recover damages for malicious prosecution.  Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $750 and judgment thereon.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*A. L. Cramer,* for appellant.

*Peter M. Cancelliere,* and with him *Allan Davis* and *Duff, Marshall & Davis,* for appellee.

OPINION BY KELLER, J., July 14, 1920:

The defendant made complaint against the plaintiff charging him with the larceny of a copper boiler and some lead pipe.  The latter's arrest, trial and acquittal followed in due course.  This action in trespass for malicious prosecution was then brought and resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.

The first and second assignments of error are directed to the refusal of the court below to give binding instructions for the defendant and enter judgment non obstante veredicto in his favor.  As the jury had acquitted this plaintiff of the larceny, this was prima facie evidence of

want of probable cause for the prosecution, and, the plaintiff's own evidence not disclosing such probable cause, was sufficient to carry the case to the jury: Delany v. Lindsay, 46 Pa. Superior Ct. 26.

The evidence complained of in the third, fifth, sixth, and seventh assignments, was relevant on the question of damages and was properly admitted.

The evidence assigned for error under the fourth specification, was admissible as bearing upon the defendant's malice. While the verdict of acquittal in the criminal case was prima facie evidence of want of probable cause, from which malice might be inferred (Gilliford v. Windel, 108 Pa. 142; Cole v. Reece, 47 Pa. Superior Ct. 212), nevertheless, it was not conclusive on that point, and it was proper for the plaintiff to give evidence showing the defendant's actual malice in the matter.

None of the remaining assignments of error require any extended comment except the ninth. A brief review of the facts leading up to the prosecution will give a better understanding of the question involved under this assignment.

The plaintiff, a plumber, made a verbal agreement with the defendant to furnish and install in the latter's home a second-hand instantaneous water heater, for which he was to get $50 and the copper boiler and lead pipe attachments forming the old water heating system. Nobody else was present when the contract was made. Several months after the plaintiff had installed the instantaneous heater and been paid the $50, he came to defendant's house and took away the copper boiler and lead pipe connections. The defendant alleged that by the terms of the contract, the plaintiff was not to take away the boiler and pipe until the water heater gave satisfactory service, which he averred, it had failed to do. The plaintiff denied that the contract was as stated by the defendant and claimed that under the agreement the copper boiler and lead pipe were to become his property

as soon as the water heater was installed, and further that he had not removed them until after the defendant had threatened to dispose of them unless he took them away.

The defendant testified that he had consulted his attorney and stated the facts as he averred them to be and on his advice had brought the prosecution, and contended that this conclusively rebutted any malice inferred from want of probable cause: Emerson v. Cochran, 111 Pa. 619.

The learned trial judge, in his charge, explained to the jury fully and correctly the essential elements necessary to support an action for malicious prosecution; what was meant in the law by probable cause and malice in such connection; that the former was not dependent on the absolute guilt of the accused but upon reasonable ground of suspicion based on evidence which would satisfy an ordinarily prudent man that the charge was true; and that if they found the defendant had such probable cause for instituting the prosecution, or had not acted maliciously in the matter there could be no recovery in this action. He set forth accurately the legal effect attaching to a full and fair statement by the defendant of the facts in his possession relative to the guilt or innocence of the accused made to a reputable member of the bar and his following the advice of counsel thereon to bring such prosecution. Then followed the portion of the charge assigned for error: "Now, the question of his seeking the advice of counsel in this case does not become very important in determining the question whether this plaintiff had probable cause and whether he was actuated by malice or not; because I state to you that if he told his counsel the same statement that he made on the witness stand, and if that statement be true, then he had probable cause for making this information." The defendant complains that this placed too heavy a burden upon him; that it was not necessary that the statement of facts which he made to his counsel

be true, but only that he believed it to be true.   The general rule undoubtedly is that probable cause does not depend on the state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting: McCarthy v. DeArmit, 99 Pa. 64; the test is the prosecutor's belief of the existence of probable cause at the time, based upon reasonable grounds: Fry v. Wolf, 8 Pa. Superior Ct. 468; Boyd v. Kerr, 216 Pa. 259.   And therefore, if the defendant in an action for malicious prosecution in good faith sought, obtained and honestly followed the advice of competent counsel on a full and fair statement of all facts within his knowledge or which he had reasonable cause to believe he was able to prove, the advice so received and acted upon will constitute a defense to the action: Beihofer v. Loeffert, 159 Pa. 374.   "A prosecutor may show that he acted upon information received from reputable, private citizens and such information may constitute probable cause for the prosecution": Ibid, p. 378; and "it is wholly unimportant so far as the defense is concerned whether the advice was warranted by the facts submitted to the counsel, as the prosecutor, in this particular, is only responsible for a full and truthful statement of them": Ibid, p. 377.

The honest belief (apart from actual knowledge), of the existence of facts and circumstances constituting probable cause for the prosecution and in his ability to prove them, which will protect a prosecutor, is necessarily confined to such matters as have been obtained by him from others and upon which he relies.   As to matters to which he himself was a party, he must state the actual occurrences and cannot escape responsibility for a false presentation of facts which were within his personal knowledge, by stating that he believed them to be so.   This distinction was recognized by our Brother PORTER in the case of Bruff v. Kendrick, 21 Pa. Superior Ct. 468, where he said: "That part of the instruction in which the jury were told that if they believed the

testimony of Bruff the relation between the parties was that of debtor and creditor and no probable cause existed for the prosecution, would have been correct if Kendrick had been cognizant of the facts. But the original arrangement between the parties had been made by Hibbard, who was at that time a partner of Kendrick, and if Hibbard had made an incorrect report of the matter to Kendrick and the latter had believed that report to be true and in good faith acted upon it, he was entitled to have that fact considered in determining whether there was probable cause for the prosecution."

In other words, as to matters within his own knowledge, the party prosecuting, in order to be protected by the advice of counsel, must state to him the facts as they actually occurred; as to matters communicated to him by others, he must fairly and truthfully state what has been thus made known to him and what he thus honestly and reasonably believes to be true.

As all the matters in dispute between the plaintiff and defendant with reference to the contract occurred between the parties themselves and without other witnesses, the court below did not go too far in requiring the defendant to make to his counsel a truthful statement of the facts.

As there was a dispute as to the facts it was for the jury to determine whether they were as alleged by the defendant: Brobst v. Ruff, 100 Pa. 91. The learned trial judge told the jury in language that could not be misunderstood that if they found the facts to be as alleged by the defendant, there was probable cause for the prosecution and the verdict must be in his favor. This was as far as he could go in view of the dispute on the facts: Jackson v. Hillerson, 59 Pa. Superior Ct. 508; Cole v. Reece, supra. What facts and circumstances will amount to probable cause is a question of law; whether they exist in a particular case is a question of fact: Leahey v. March, 155 Pa. 458.

7, (1920).]　　.　Opinion of the Court.

The case was, in our opinion, fairly tried and submitted to the jury in a charge which fully safeguarded the defendant's rights.

The assignments of error are all overruled and the judgment is affirmed.