# Edwards *v.* Stull, Appellant.

*Malicious prosecution—Probable cause—Case for jury.*

Where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima fácie evidence of want of probable cause and of malice, and shifts the burden on the defendant.

Where, in an action for malicious prosecution, it appeared that the defendant caused the plaintiff to be arrested on the mere guess of a third person who was not conversant with the facts, the case is for the jury and a verdict for the plaintiff will be sustained. ·

Argued October 22, 1923. Appeal, No. 192, Oct. T., 1923, by defendant, from judgment of C. P. Fulton Co., March T., 1922, No. 47, on verdict for plaintiff in the case of Raymond Edwards, by his next friend, Albert Edwards, v. H. M. Stull. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before McPHERSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $750, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*John R. Jackson,* and with him *D. P. Weimer,* for appellant.

*John P. Sipes,* and with him *S. W. Kirk,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

This is a suit for malicious prosecution. Stull, the defendant, had leased an automobile to Raymond Cor-

nell, who resided in Johnstown, Pa. After three months' default in payment of the installments, Cornell could not be found. His boarding house mistress directed the inquirer to go to Hiram Post Office, Fulton County, and ask for one Joe Edwards, who could give information about Raymond Cornell. Stull made information against Cornell, a warrant was issued and the constable was instructed to get some one to go with him to Hiram Post Office in search of Cornell. When they were near their destination they met a rural letter carrier and inquired of him where Cornell lived and the carrier replied that no such person lived in the vicinity and after they had stated to him the circumstances about the lease of the automobile and the default in the payments, the carrier told the constable that the man he wanted was Raymond Edwards, that Edwards had been away from home, had come home with an automobile and had sold it and had gone away, and that in all likelihood he would not remain away very long. Upon his return to Johnstown, the constable told Stull it was not Cornell he wanted, but Edwards; that he had spoken to some one who had told him so, but he was not asked, neither did he tell Stull, that he had not seen the person to whom the boarding house mistress had directed Stull for information. Stull then had a warrant issued for the arrest of Edwards and the sheriff of Fulton County arrested him and locked him up in the county jail for three days. Edwards' father made advances to Stull for the settlement of the case and paid Stull's bill, together with costs and expenses. Afterwards it was discovered that Cornell lived at Amaranth. After several demands Edwards' father was reimbursed for the money he had paid. The defendant claims that upon these facts, which are not controverted, the court should have declared there was probable cause and should have given binding instructions. To this proposition we cannot assent. The whole story discloses that the prosecutor proceeded to arrest an innocent man upon the mere guess of a letter carrier, based upon the supposition that

because the prosecutor was looking for a man whose name was Raymond Cornell, who had defaulted on a lease for an auto and had disappeared, that Raymond Edwards who had had an auto and had sold it and gone away must be the man wanted. What is more the prosecutor did not bother to learn what the letter carrier said, but took the word of the constable that Edwards was the man wanted, "that he had spoken to some one over there." There was absolutely no attempt made to investigate in order to confirm the surmise of the letter carrier. See Coyle v. Snellenburg, 30 Pa. Superior Ct. 246. It is not often that a case discloses such carelessness in instituting a criminal charge. The trial judge very properly refused binding instructions.

There is another reason which is equally controlling against any such action of the court. The prosecutor when asked "Was not your sole purpose in bringing the prosecution against Edwards to get the balance due you on your contract, and when you got that, with your expenses, you were satisfied; is not that the truth?" A. "It must have been." Although he qualified the statement that he also wished to bring the defendant to justice, the fact remains that his constant attitude was that if the claim was paid, the suit would not be pressed. "Nothing is better settled by our cases than that where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden of proof upon the defendant": Baughn v. Benson and Fine, 77 Pa. Superior Ct. 181; McDonald v. Schroeder, 214 Pa. 411.

There are a number of assignments directed to the action of the court allowing testimony showing what was said and done after the transaction was instituted. Such occurrences are admissible, either to show the damage which ensued to the party arrested, or, if pertinent, to throw light on the motives of the prosecutor.

All the assignments are overruled, and the judgment is affirmed.